**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN ANTONIO BARRIENTOS ARREDONDO, an individual, and JOSE LUIS BARRIENTOS ARREDONDO, an individual, | ) ) ) ) | |
| | ) | Case No. 1:21-cv-3854 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LES I, INCORPORATED, an Illinois corporation d/b/a LES BROTHERS RESTAURANT, and GEORGE LES, an individual, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The Plaintiffs, Juan Antonio Barrientos Arredondo ("Juan Antonio Barrientos") and Jose Luis Barrientos Arredondo ("Jose Luis Barrientos"), by and through their attorney, Timothy M. Nolan of the Nolan Law Office, complain against Defendants, Les I, Incorporated, an Illinois corporation d/b/a Les Brothers Restaurant, and George Les, (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, for Defendants' failure to pay Plaintiffs overtime compensation for hours worked over forty (40) in a work week, and for failure to pay Plaintiff Jose Luis Barrientos statutory minimum wages. Plaintiffs are former busboys, servers and cleaners at Defendants' Les Brothers Restaurant.

**JURISDICTION AND VENUE**

1

2.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**THE PARTIES**

4.      Plaintiff Juan Antonio Barrientos is a former employee of Defendants' Les Brothers Restaurant located at 8705 South Ridgeland Avenue in Oak Lawn, Illinois. Plaintiff Juan Antonio Barrientos worked as a busboy and cleaner at Defendants' restaurant from August 5, 2019 through July 2, 2021.

5.      Plaintiff Jose Luis Barrientos is also a former employee of Defendants' Les Brothers Restaurant on South Ridgeland Avenue in Oak Lawn, Illinois where he worked as a server from February 2, 2020 through July 2, 2021.

6.      During the course of their employment, Plaintiffs regularly used and handled goods and materials, including perishable food and food products, tools and equipment, and cleaning products which moved in interstate commerce prior to being used or purchased in Illinois.

7.      Plaintiffs reside in and are domiciled in this judicial district.

8.      Defendant Les I, Incorporated ("Les I, Inc.") does business as the Les Brothers Restaurant on South Ridgeland Avenue in Oak Lawn, Illinois and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

9.      Upon information and belief, Defendant Les I, Inc. has earned more than $500,000 in annual gross revenue during 2019, 2020 and 2021.

10.     Defendant Les I, Inc. is registered in Illinois as a corporation and its officers, registered agent and principal office are located within this judicial district.

11.     Defendant George Les is an owner of the Les Brothers Restaurant and is the president of the restaurant's operating entity, Les I, Inc.

12.     At all times relevant to this action, Defendant George Les possessed extensive oversight over the Les Brothers Restaurant and its business operations. Defendant George Les was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

13.     Defendant George Les resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

14.     During August and September, 2019, Plaintiff Juan Antonio Barrientos regularly worked six (6) days a week from 9:00 a.m. to 9:00 p.m. and frequently later to perform cleaning work at Defendants' restaurant. Thereafter, and until the Covid lockdown began at the end of March, 2020, Plaintiff Juan Antonio Barrientos regularly worked seven (7) days a week from 9:00 a.m. to 9:00 p.m. and frequently later.

15.     Beginning at the end of May, 2020 and continuing through December, 2020, Plaintiff Juan Antonio Barrientos resumed his seven (7) day per week work schedule and worked from approximately 11:00 a.m. to 10:00 p.m. each day. Thereafter, from January, 2021 through July 2, 2021, Plaintiff continued to work a seven (7) days a week but increased his hours to include 8:00 a.m. to approximately 10:00 p.m. each day.

16.     Based on his schedule, Plaintiff Juan Antonio Barrientos regularly worked at least seventy-four (74) hours in individual workweeks during August and September, 2019; eighty-four (84) hours in individual workweeks from October, 2019 through the end of March, 2020; seventy-seven (77) hours in individual workweeks from the end of May, 2020 through December, 2020; and, in excess of ninety (90) hours in individual workweeks during the period from January, 2021 through July 2, 2021.

17.     Defendants paid Plaintiff Juan Antonio Barrientos on an hourly basis at the rate of $11.00 per hour from the date of hire through April, 2021, and $12.00 per hour thereafter, with unreported cash.

18.     Defendants did not pay Plaintiff Juan Antonio Barrientos an overtime premium and never compensated him at one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) in individual workweeks.

19.     During the months of February and March, 2020, and the first half of June, 2020, Plaintiff Jose Luis Barrientos regularly worked approximately twenty (20) hours in individual workweeks. During the period from June 15, 2020 through July 2, 2021, Plaintiff Jose Luis Barrientos regularly worked seven (7) days a week from 8:00 a.m. to 3:00 or 4:00 p.m.

20.     Based on his schedule, Plaintiff Jose Luis Barrientos regularly worked at least fifty (50) hours in individual workweeks from June 15, 2020 through July 2, 2021.

21.     Defendants elected to claim a tip credit by paying Plaintiff Jose Luis Barrientos a lower direct wage and using tips to make up the difference between direct wages and the minimum wage. However, Defendants committed minimum wage and tip credit violations by paying Plaintiff Jose Luis Barrientos a tip credit rate of only $4.00 per hour during February and

4

March, 2020, and only $3.00 per hour thereafter with unreported cash, and by retaining tips

belonging to Plaintiff Jose Luis Barrientos.

22.     In addition, Defendants did not pay Plaintiff Jose Luis Barrientos an overtime

premium and never compensated him at one and one-half times his regular hourly rate of pay for

hours worked in excess of forty (40) in individual workweeks.

23.     In violation of the statutes and implementing regulations of the FLSA and IMWL

29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create,

maintain, and preserve complete and accurate payroll records for Plaintiffs.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

24.     Plaintiffs hereby incorporate paragraphs 1 through 23 as though stated herein.

25.     Throughout their employment with Defendants, Plaintiffs were each an

"employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

26.     Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29

U.S.C. § 207, 213.

27.     Throughout Plaintiffs' employment, Defendants were each an "employer" as

defined in the FLSA, 29 U.S.C. § 203(d).

28.     Defendant Les I, Incorporated is an "enterprise" within the meaning of the FLSA,

29 U.S.C. §203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of

the FLSA, U.S.C. 29 §203(s)(1)(a).

29.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked more

than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times

their regular hourly rates of pay for all hours worked over forty (40) in a workweek.

30.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

31.     Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs' overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiffs were scheduled to work and regularly did work substantially more than forty (40) hours in a workweek. Defendants further avoided overtime wage obligations by paying all of Plaintiffs' wages "under the table" with unreported cash and by failing to furnish Plaintiffs with pay stubs that reflected hours worked or rates of pay for any pay period. Furthermore, Defendants' cash wage payments to Plaintiffs were not reported to federal or state tax and revenue agencies, and Defendants otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiffs, Juan Antonio Barrientos Arredondo and Jose Luis Barrientos Arredondo, pray for a judgment against Defendants, Les I, Incorporated, an Illinois corporation d/b/a Les Brothers Restaurant, and George Les, as follows:

A.     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Fair Labor Standards Act – Minimum Wages

32.     Plaintiff Jose Luis Barrientos hereby incorporates paragraphs 1 through 23 as though stated herein.

33.     Throughout his employment with Defendants, Plaintiff Jose Luis Barrientos was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

34.     Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

35.     During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

36.     Defendant Les I, Incorporated is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operates as an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

37.     Pursuant to 29 U.S.C. § 206, Plaintiff Jose Luis Barrientos was entitled to be compensated according to the applicable minimum wage rate.

38.     Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff Jose Luis Barrientos Arredondo minimum wages was willful and not in good faith. Defendants avoided paying minimum wages by paying Plaintiff a tip-credit rate below the required minimum rate and by retaining tips belonging to the Plaintiff. Defendants further concealed their failure to pay minimum wages by paying Plaintiff wages with cash "under the table", providing no wage statement records and otherwise violating the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Jose Luis Barrientos Arredondo, prays for a judgment against Defendants, Les I, Incorporated, an Illinois corporation d/b/a Les Brothers Restaurant, and George Les, as follows:

A.     Judgment in the amount of unpaid minimum wages found due;

B.     Liquidated damages in an amount equal to the amount of unpaid minimum wages found due;

7

C.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.      Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**Violation of the Illinois Minimum Wage Law – Overtime Wages**

39.      Plaintiffs hereby incorporate paragraphs 1 through 23 as though stated herein.

40.      Throughout their employment with Defendants, Plaintiffs were each an "employee" under the IMWL, 820 ILCS § 105/3(d).

41.      Plaintiffs were not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

42.      Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

43.      Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

44.      Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiffs, Juan Antonio Barrientos Arredondo and Jose Luis Barrientos Arredondo, pray for a judgment against Defendants, Les I, Incorporated, an Illinois corporation d/b/a Les Brothers Restaurant, and George Les, as follows:

A.      Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B.      Statutory damages in the amount of three times the amount of unpaid overtime;

8

C.      Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

D.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

E.      Such other and further relief as this Court deems appropriate and just.

## COUNT IV
## Violation of the Illinois Minimum Wage Law – Minimum Wages

45.      Plaintiff Jose Luis Barrientos hereby incorporates paragraphs 1 through 27 as though stated herein.

46.      Throughout his employment with Defendants, Plaintiff Jose Luis Barrientos was an "employee" under the IMWL, 820 ILCS § 105/3(d).

47.      Plaintiff was not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

48.      During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

49.      Pursuant to 820 ILCS § 105/4, Plaintiff Jose Luis Barrientos was entitled to be compensated according to the applicable minimum wage rate under the IMWL.

**WHEREFORE**, the Plaintiff, Jose Luis Barrientos Arredondo, prays for a judgment against Defendants, Les I, Incorporated, an Illinois corporation d/b/a Les Brothers Restaurant, and George Les, as follows:

A.      Judgment in the amount of unpaid minimum wages found due;

B.      Statutory damages in the amount of three times the amount of unpaid minimum wages;

C.      Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

D.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

E.      Such other and further relief as this Court deems appropriate and just.

Dated: July 20, 2021                          Respectfully submitted,
                                              Juan Antonio Barrientos Arredondo and
                                              Jose Luis Barrientos Arredondo,
                                              Plaintiffs,


                                              /s/ Timothy M. Nolan
                                              _____
                                              Attorney for the Plaintiffs


Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com